FILED
SUPERIOR COURT
OF GUAM

2018 MAY 14 PM 4:56

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| J.M. ROBERTSON, INC. dba AMORIENT ENGINEERING, INC., ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> STERLING DESIGN, INC. dba STERLING ) <br> DESIGN CONSTRUCTION ) <br> ) <br> DEFENDANT. ) <br> ) <br> STERLING DESIGN, INC. dba STERLING ) <br> DESIGN CONSTRUCTION ) <br> ) <br> COUNTERCLAIM-PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> J.M. ROBERTSON, INC. dba AMORIENT ) <br> ENGINEERING, INC. ) <br> ) <br> COUNTERCLAIM-DEFENDANT. ) | CIVIL CASE NO. CV0955-16 <br><br> DECISION AND ORDER RE: DEFENDANT'S MOTION TO COMPEL |

### INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Defendant/Counterclaim-Plaintiff Sterling Design, Inc.'s ("Sterling") Motion to Compel Discovery ("Motion to Compel") filed on December 22, 2017. Sterling is represented by Attorney Daniel J. Berman. Plaintiff/Counterclaim-Defendant J.M. Robertson, Inc. ("AmOrient") is represented by Attorney Thomas Tarpley. The Court took the matter under advisement on February 13, 2018, without oral argument, pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam. Having

reviewed the parties' arguments, the record, and the relevant law, the Court now issues this Decision and Order DENYING Sterling's Motion to Compel.

## BACKGROUND

This matter arises out of claims and counterclaims for alleged monies owed on several contracts between AmOrient and Sterling. *See* Complaint (Nov. 1, 2016); Answer and Counterclaims (Nov. 29, 2016). AmOrient is an engineering firm owned by John M. Robertson ("Robertson") and Coffman Engineers, Inc.[1] Michael Wirges ("Wirges") is the principal owner of Sterling, a corporation in the business of building and construction.

The same parties are involved in litigation in CV0775-16 *Wirges v. Robertson, et. al.* Among other claims in CV0775-16, Wirges sought to enforce an Option Agreement. The Option Agreement allegedly granted Wirges an option to purchase a majority stock interest in AmOrient Engineering, Inc. from Robertson. *See* Def.'s Answer and Counterclaims at p. 3. The bench trial for CV0775-16 concluded on January 2, 2018. Judge Anita A. Sukola issued a Findings of Fact and Conclusions of Law Re: Complaint for Breach of Contract and Related Tort Claims on May 1, 2018. Judge Sukola found the Option Agreement was not enforceable.

Prior to the filing of the Motion to Compel, the parties were also in dispute as to whether the alleged Option Agreement should be excluded from this case. On February 9, 2018, the Court issued a Decision and Order DENYING AmOrient's request to exclude the Option Agreement. The court found the Option Agreement was relevant to Sterling's second counterclaim and AmOrient's affirmative defense to that claim.

This motion arises out of a question posed by Sterling's counsel at a deposition wherein Robertson was instructed not to answer by AmOrient's counsel.[2] On October 19, 2017, a

---

[1] Robertson, a majority owner, owns 60% of the company; while Coffman Engineers, Inc. owns the remaining 40% of the company.

[2] Attorney Tarpley also represents Robertson in CV0775-16.

deposition was held pursuant to GRCP 30(b) (6)[3]; Robertson was one of three representatives that gave testimony on behalf of AmOrient. Attorney Berman asked, "So, Mr. Robertson my question is whether you knew in May, 2016, that you weren't going to sell AmOrient to Michael Wirges." Decl. of Def. Counsel Re: Mot. to Compel, Ex. A (Dec. 22, 2017). At the deposition, AmOrient argued the question was "beyond the scope" of the 30(b)(6) deposition and that Robertson was not subpoenaed in his personal capacity, but appeared as a representative of the corporation. Attorney Berman was unable to ask Robertson further questions regarding his knowledge, intent, or plan for the Option Agreement between May to July 2016.

On December 22, 2017, Sterling filed the instant motion seeking an order to compel AmOrient to answer the questions in the deposition and/or to preclude any of its testimony on the second counterclaims after the discovery cut-off date. AmOrient opposed for reasons set forth in its Opposition to Motion Compel (Jan. 18, 2018). In response to the Opposition, Sterling filed a Reply to Memorandum in Support of Motion to Compel Discovery (Feb. 2, 2018).

## DISCUSSION

### A. Motion to Compel Discovery

Sterling argues there is no dispute that Robertson is the majority shareholder, President, and Chief Executive Officer of AmOrient and, thus, his admissions on behalf of the corporation are imputed to the corporation. In opposition thereto, AmOrient contends that it was improper to ask Robertson these questions because Robertson appeared at the deposition as a representative of AmOrient Engineering, Inc. and not in his personal capacity. *See* Pl.'s Opp. to Mot. to

---

[3] Rule 30(b)(6) provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Compel, at p. 3 (Jan. 18, 2018). In order to have compelled his attendance in his personal capacity, Defendant would have to serve Robertson in such capacity, since the sale of stock was a personal decision attributed to Robertson as an individual, and not a decision of the corporation. *Id.* Plaintiff adds it cannot be held liable for Robertson's decision not to sell to Wirges, since there are no allegations that AmOrient "secretly" conspired with Robertson or that Robertson and AmOrient are "alter egos" of each other. Pl.'s Opp. to Mot. to Compel, at p. 4. Notably, that Robertson's decision to sell his shares to Wirges is a private matter, not a corporate decision. *Id.* at p. 3.

Pursuant to Guam Rules of Civil Procedure ("GRCP"), a party may apply for an order compelling discovery "[i]f a deponent fails to answer a question propounded or submitted under Rules 30 or 31." Guam R. Civ. P. 37(a)(2)(B).[4] A motion to compel a witness to answer questions put to him at a deposition should be granted if the questions are relevant and *proper* and denied if the questions call for privileged information[5] or if an answer is otherwise *unnecessary. In re Folding Carton Antitrust Litigation,* 83 F.R.D. 132, 134 (1979) (quoting 8 Wright & Miller, Federal Practice and Procedure: Civil § 2286, at 779-80; See also 4A Moore's Federal Practice § 30.59, at 30-111-12) (emphasis added).

Rule 30 provides two methods by which a party may take a corporation's deposition: (1) Rule 30(b)(1) allows a party to notice a particular corporate officer, director or managing agent's deposition; and, (2) Rule 30(b)(6) permits a party to notice a corporation's deposition without specifically naming the individual to be deposed and instead setting forth "with reasonable particularity" the matters on which the examination is requested, so the corporation can designate one or more individuals to testify. *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l*

---

[4] Guam's Civil Rules 30 and 37 are virtually identical to Rule 30 and 37 of the Federal Rules of Civil Procedure, thus this Court looks to cases which interpret and apply the principles of the federal rule for guidance. *Benavente v. Taitano,* 2006 Guam 15 ¶ 48.

[5] Generally, "absent a claim of privilege it is improper for counsel at a deposition to instruct a client not to answer. If counsel objects to a question, he should state his objection for the record and then allow the question to be answered." Wright & Miller, Federal Practice and Procedure: Civil s 2113, at 419 n.22.

*Ltd.*, 253 F.R.D. 524, 525 (C.D. Cal. 2008) (citing Fed. R. Civ. P. 30). Through both methods, the deponent's testimony is the corporation's testimony, and if the corporation is a party, "the testimony may be used at trial by an adverse party for any purpose." *Id.* (citations omitted).

However, a deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. *Sabre v. First Dominion Capital*, 2001 WL 1590544 at *1 (S.D.N.Y. 2001) (citing 8 A Charles A. Wright, Arthur R. Miller, Richard L. Marchs, Federal Practice & Procedure § 2103(2d ed. 1994)). "A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing *all the relevant information known or reasonably available to the entity.*" *Id.* (emphasis added). Although not binding, the Court found helpful a litigation journal published by the American Bar Association:

> It is important to clarify, on the record, the capacity in which the witness testifies. Remember that Rule 30(b)(6) states that proceeding with a corporate representative deposition "does not preclude taking a deposition by any other procedure authorized in these rules." Frequently, the witness offered up by the corporation as its representative to testify about a Rule 30(b)(6) topic is a person whom the requesting party also wants to depose in an individual capacity. And, in the case of small, closely held corporations, there may be no difference between the knowledge of the entity and the knowledge of the principals. As a matter of convenience and efficiency, the parties frequently will agree that the witness can be deposed in one sitting, as both a corporate representative and an individual witness.

Sidney I. Schenkier, *Deposing Corporations and Other Fictive Persons: Some Thoughts on Rule 30(b)(6)*, Litigation, Winter 2003, at 20, 25 (2003) (internal citations omitted).

Although the Court earlier found the Option Agreement to be relevant in this case, the issue in the instant motion is whether Sterling was permitted to ask Robertson questions about his knowledge, intent, or plan to execute the Option Agreement where the deposition was noticed upon AmOrient and not to Robertson in his personal capacity. The Court finds it was improper for Sterling to do so.

First, the parties did not agree that Robertson can be deposed in one sitting, as both a corporate representative and an individual witness. Secondly, the deposition notice was addressed to AmOrient and its counsel and not personally to Robertson. Def. Mot. to Compel

Discovery, Ex. D. Therefore, in this deposition, AmOrient representative's testimony was limited to information *"known or reasonably available to the entity."* Guam R. Civ. P. 30(b)(6). Sterling's question, however, alluded to Robertson's state of mind in May, 2016, specifically regarding his "knowledge, intent, or plan" to execute the Option Agreement. The Court agrees with AmOrient that the decision to execute the Option Agreement was a personal decision – to be made by Robertson – and not of the Corporation. *See Wirges v. Robertson, et.al,* Sup. Ct of Guam CV0775-16 FFCL re Compl. for Breach of Contract and Related Tort Claims (Judge Sukola, May 1, 2018) (quoting Pl's Trial Ex. 8).[6] In fact, the Option Agreement provides that it is between Robertson and Wirges and not between AmOrient and Sterling. Therefore, questions about Robertson's plans for the Option Agreement cannot be information available to AmOrient. Accordingly, the Court finds Sterling's questions were improper.

## B. Motion for Attorney's Fees

Defendant requests for reasonable attorneys' fees pursuant to Rule 37(a)(4). Def. Mot. to Compel Discovery, at p. 6. Rule 37(A), however, does not permit an award of attorney's fees to the moving party where its motion is denied. In such cases, an award of attorney's fees is only appropriate for the party "who opposed the motion." Guam R. Civ. P. 37(a)(4)(B). Having denied the Motion to Compel, the Court in effect DENIES Sterling's Motion for Attorneys' fees.

<b><u>CONCLUSION</u></b>

For the reasons provided above, the Court hereby DENIES Sterling's Motion to Compel Discovery.

**SO ORDERED** this _____ MAY 1 4 2018 .

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
D. Berman
T. Tarpley
Date 5-14-18 Time 5pm
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

[6] "Robertson agrees to sell and Wirges agrees to purchase an irrevocable option to purchase Robertson's capital stock in both John M. Robertson, Inc., dba AmOrient Engineering and AmOrient Contracting, Inc., in accordance with the terms and conditions of the Stock to Purchase Agreements attached hereto as Exhibits 'A' and 'B.'"